

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York  10007*

December 9, 2016

**BY ECF**

The Honorable Richard J. Sullivan
United States District Judge
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

      Re:    *United States* **v.** *Damian Cunningham*, **S4 12 Cr. 45 (RJS)**

Dear Judge Sullivan:

      The defendant is scheduled to be sentenced in this matter on December 16, 2016, at 3:30 p.m.  For the reasons set forth below, and in the Government's November 7, 2014 sentencing submission, the Government respectfully submits that a sentence towards the top of the stipulated Guidelines range of 78 to 97 months be imposed at sentencing.

      As set forth in the parties' plea agreement, and in the PSR, the defendant has an offense level of 28, reflecting enhancements for brandishing a firearm, abducting a victim, and obstruction due to the defendant's false testimony.  Because of the unusual circumstances of this case—the defendant was convicted after a trial in which he committed perjury, saw his conviction reversed by the court of appeals on a suppression issue, and then quickly entered a guilty plea soon after issuance of the appellate mandate—the Government stipulated in the defendant's plea agreement that a three-level reduction for acceptance of responsibility was appropriate.  *See United States* v. *Enriquez*, 42 F.3d 769, 773 (2d Cir. 1994) ("[A] defendant may have engaged in conduct constituting an obstruction for which a penalty enhancement is appropriate, but subsequently come to accept responsibility fully -- for the obstruction as well as the crime of conviction.").  Since the defendant has no criminal history points, his stipulated Guidelines range is 78 to 97 months' imprisonment.

      The Government believes that a sentence towards the top of the stipulated Guidelines range is appropriate primarily because of the violent and calculated nature of the offense and the

vulnerability of the victims, as discussed in detail in the Government's prior sentencing submission. While the defendant has no criminal history apart from the offense at issue, that factor is far outweighed by the nature of the conduct.

                                        Respectfully submitted,

                                        PREET BHARARA
                                        United States Attorney

By:    _____
                                        Jared Lenow
                                        Assistant United States Attorney
                                        (212) 637-1068

cc: Ian Weinstein (by email)