UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| UNITED STATES OF AMERICA | |
|---|---|
| -v- | No. S4 12-cr-45-7 (RJS) |
| DAMIAN CUNNINGHAM, | <u>ORDER</u> |
| Defendant. | |

<u>RICHARD J. SULLIVAN</u>, Circuit Judge:

By a petition dated April 22, 2020, and filed on the electronic docket on May 7, 2020, Defendant Damian Cunningham has moved for release from custody under the First Step Act of 2018, 18 U.S.C. § 3582(c)(1)(A).  (Doc. No. 646.)  The government opposes Cunningham's motion.  (Doc. No. 648.)  Because it appears that Cunningham has not yet exhausted his administrative remedies, his request is DENIED without prejudice.

On November 17, 2016, Cunningham pleaded guilty to conspiracy to commit Hobbs Act Robbery in violation of 18 U.S.C. § 1951.  (*See* Doc. No. 531.)  On December 16, 2016, this Court sentenced Cunningham to 96 months' imprisonment, with credit for time served, followed by a three-year term of supervised release.  (Doc. No. 533.)  Cunningham is currently serving his sentence at FCI Fort Dix.  He is scheduled to be released to a halfway house on June 25, 2020 and notes that in light of the COVID-19 outbreaks, "he is hopeful that he will be transferred to home confinement where he can self-isolate." (Doc. No. 646 at 5.)  Cunningham's term of imprisonment is expected to be completed on November 24, 2020.  (*Id.*)

In the instant petition, Cunningham moves for compassionate release under section 3582(c)(1)(A).  (*Id.* at 2.)  To support his release, Cunningham generally argues that the conditions at FCI Fort Dix exacerbate the likelihood of transmission of COVID-19 and render social

distancing impossible.  Though Cunningham also explains that he suffers from seizures, which he treats with daily medication, he does not argue that the seizures place him at heightened risk of serious illness from a COVID-19 infection.  (*Id.* at 5.)  The government opposes the request, arguing as a threshold matter that Cunningham has not exhausted his administrative remedies. (Doc. No. 648.)  The government further argues that even if Cunningham had exhausted his administrative remedies, he fails to show extraordinary and compelling circumstances warranting release.

As this Court explained in *United States v. Ogarro*, No. 18-cr-373 (RJS) (S.D.N.Y. Apr. 14, 2020), ECF No. 666, "section 3582(c)'s exhaustion proscription" requires that absent an application by the BOP "for a sentence reduction, a court cannot, under any circumstances, grant compassionate release unless the defendant has either 'fully exhausted all administrative rights to appeal' or waited at least 30 days from the receipt of such a request by the warden of the defendant's facility."  *Id.* at 6 (quoting 18 U.S.C. § 3582(c)(1)(A)).  The Court further concluded that it lacks the authority to waive that exhaustion requirement.  *Id.* at 7–10.

Based on the submissions provided to the Court, it appears that Cunningham has not exhausted his administrative remedies.  In his petition, Cunningham broadly asserts that "[t]he First Step Act . . . now allows all federal courts to directly reduce sentence under [section 3582(c)(1)(A)] without awaiting a motion from the Bureau of Prisons;" he also vaguely states that he "made an approach to the Bureau of Prisons as advised by the Office of the Warden at the institutional level – and was denied."  (Doc. No. 646 at 2.)  As support, he cites to an unnamed attachment. (*Id.*)  But the only document attached to the petition is an October 2019 Reentry Plan from the Bureau of Prisons ("BOP").  (*See id.* at 16–17.)  That document makes no mention of a request to the BOP for early release under section 3582(c)(1)(A).  Further, the government

represents in its letter that it "has been informed by the BOP that it has no record of the defendant submitting a request to the BOP for a reduction in sentence pursuant to [s]ection 3582(c)(1)(A)" or for home confinement under 18 U.S.C. § 3624(c)(2). (Doc. No. 648 at 2.) Accordingly, since Cunningham has failed to demonstrate that he has met the statutory exhaustion requirements for section 3582(c)(1)(A), his request for compassionate release is DENIED without prejudice. The Clerk of the Court is respectfully directed to terminate the motion pending at document number 646.

SO ORDERED.

Dated:   May 18, 2020
         New York, New York

RICHARD J. SULLIVAN
UNITED STATES CIRCUIT JUDGE
Sitting by Designation